## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**DONNA RADER,**
**Claimant Below, Petitioner**

**FILED**
September 10, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 11-1718**   (BOR Appeal No. 2046100)
(Claim No. 2011015161)

**NICHOLAS COUNTY COMMUNITY ACTION ASSOCIATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Donna Rader, appearing pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Nicholas County Community Action Association, by Alyssa A. Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 22, 2011, in which the Board reversed a June 10, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's January 3, 2011, decision denying Ms. Rader's application for workers' compensation benefits for right carpal tunnel syndrome. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstated or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Revised Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Ms. Rader alleged that she suffers from carpal tunnel syndrome as a result of her employment with Nicholas County Community Action Association. On July 15, 2010, Dr. Wantz diagnosed Ms. Rader with carpal tunnel syndrome, and concluded it was related to her job duties of lifting children and working on the computer. On December 29, 2010, Dr. Dauphin recommended denying the claim for right carpal tunnel syndrome because there was no specific injury and Ms. Rader has five non-compensable medical conditions that could possibly cause carpal tunnel syndrome. On March 28, 2011, Dr. Vice concluded Ms. Rader has right carpal tunnel syndrome that could be caused by her employment because it requires a lot of lifting.

The Office of Judges' reversed the claims administrator's decision and held that Ms. Rader's claim compensable for right carpal tunnel syndrome. The Board of Review reversed the Office of Judges' Order and reinstated the claims administrator's decision. On appeal, Ms. Rader disagrees and asserts that her carpal tunnel syndrome was caused by lifting children in the scope of her employment, and further asserts that Dr. Wantz and Dr. Vice both determined that her employment contributed to her carpal tunnel syndrome. The Nicholas County Community Action Association maintains that Ms. Rader failed to show a causal connection between her carpal tunnel syndrome and her work duties, and further maintains that she has other health conditions that are risk factors for causing or producing carpal tunnel syndrome.

The Office of Judges relied on Dr. Wantz's and Dr. Vice's conclusions to determine that Ms. Rader developed carpal tunnel syndrome as a result of her employment based on her work description of consistently lifting children weighing up to fifty pounds on a daily basis. The Office of Judges discredited Dr. Dauphin's recommendation as purely speculative because he failed to narrow down which non-compensable risk factor could have caused Ms. Rader's carpal tunnel syndrome.

The Board of Review erred in making its determination that Ms. Rader did not develop carpal tunnel syndrome as a result of her employment. It incorrectly found that her occupation did not place her at an increased risk for the development of carpal tunnel syndrome. West Virginia Code of State Rules § 85-20-41.5 (2006) does not preclude those individuals who are not engaged in one of the types of employment identified as being at an increased risk for the development of carpal tunnel syndrome from prosecuting a claim. The Board of Review also erred in relying on Dr. Dauphin's conclusion that one of Ms. Rader's other medical conditions caused her carpal tunnel syndrome because Dr. Dauphin's findings are clearly speculative in nature since he merely stated that Ms. Rader had five non-compensable risk factors that could lead to the development of carpal tunnel syndrome. Based on the evidence of record, the Office of Judges' conclusion that Ms. Rader established by a preponderance of the evidence that she developed carpal tunnel syndrome as a result of her employment is correct, and the decision of the Office of Judges should therefore be reinstated.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and the claim is remanded for further consideration based on the Office of Judges' Order dated June 10, 2011, that held the claim compensable for right carpal tunnel syndrome.

Reversed and Remanded.

**ISSUED: September 10, 2013**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Brent D. Benjamin